Amos Churchill & al. *versus* Allen Crane & al.

If during the pendency of an action the parties make a written agreement, out of Court, under their hands and seals, that a default should be entered, if certain arbitrators, agreed upon between them to adjust the controversy, should make their award in favor of the plaintiff, and return it into Court; and it is done; still the Court cannot, without the assent of the defendant, legally order a default of the action.

Exceptions from the Eastern District Court, Allen J. presiding.

The action was brought to recover damages to the land of the plaintiffs, occasioned by the alleged carelessness of the defendants in keeping a fire set by them upon their own land, and from which it came upon the land of the plaintiffs. While this action was pending in the District Court, the parties made an agreement, out of Court, under their hands and seals, " to refer the whole subject matter of dispute about said fire and property alleged to have been destroyed by the same," to three persons named, and then proceeded to say ; " and therefore we, the aforesaid parties, hereby agree that the award and final determination of said referees, or any two of them, shall be final and conclusive between the parties in the premises ; and that in case said referees award that the plaintiffs recover

nothing, then the plaintiffs are to become nonsuit in said action, and the defendants are to recover their legal costs; and in case the referees award that the defendants shall pay the plaintiffs' damages, then the defendants are to be defaulted in said action for such sum in damages, as shall be awarded by said referees, and shall pay the plaintiffs their legal costs. Said referees are to make their award in writing, to be signed by them, or a majority of them, and returned to Court, sealed, and to be opened by the Court and filed in the writ in said action, and not subject to any revision or alteration of the Court on exception by either party; but execution is to issue thereupon against the plaintiffs or defendants according to the award as aforesaid of said referees."

The referees, after stating a notice and hearing of the parties, " do award to the plaintiffs in the case the sum of one hundred dollars as damages." The report was signed and returned into Court in manner provided in the agreement.

The defendants made several objections to the acceptance of the report, stated in the bill of exceptions, and relied on in the argument, but having no reference to the ground of decision in this Court. The bill of exceptions states; " and now the Court having heard the aforesaid objections, and duly considered the same, overrule the same, and order that the defendant be defaulted. To which ruling of the Court the defendants except."

*J. Godfrey*, for the defendants, among other objections, contended, that the District Court had no power to order a default of the action, under the circumstances. The defendants had a right to proceed to trial in the action; and if the award was offered, to try its validity.

*A. G. Jewett*, for the plaintiffs, insisted that this was like the agreements every day made as to the disposition of actions. The Court hold these agreements valid, although made by counsel, and out of Court, if in writing, Much more should the agreement of the parties under seal, as to the disposition of an action in Court, be conclusive upon them.

At a subsequent term : —

*Per Curiam.* — In this case the Court below ordered a default to be entered, upon the ground, that the parties had agreed that such default should be entered, if certain arbitrators, agreed upon between them to adjust the controversy, should make their award in favor of the plaintiffs, and return it to Court, which was done. To this order the defendants excepted.

No default could be ordered under such circumstances. An agreement out of Court to refer a controversy to arbitrators, is not in the nature of a rule, entered upon the agreement of the parties present in Court, which is a matter of record. Agreements of the latter kind the Court can enforce ; but those of the former, stand upon a very different footing. They bring into question matters of fact which the Court, without the intervention of a jury, is not competent to ascertain. The execution of the agreement, if contested, must be proved, and established ; as must also the making and publication of the award ; and that proceedings were had as agreed upon between the parties, preliminary to the making of it.

The exceptions are sustained ; the default is to be taken off ; and the action must stand for trial.